# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY L. MAYLE, et al., | ) | CASE NO.:  5:06CV1907 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| ALLSTATE INDEMNITY  COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by Defendant Allstate Indemnity Company ("Allstate") for partial summary judgment on Plaintiffs' claims for bad faith and punitive damages.  (Doc. #20)  Plaintiffs filed a Brief Opposing the Motion.  (Doc. #23)  To which a Reply Memorandum was filed.  (Doc. #26)  The Court has been advised, having reviewed the Motion, Opposition, Reply, exhibits, pleadings and applicable law.  It is hereby determined that Defendant's Motion for Partial Summary Judgment is GRANTED.   Plaintiffs' claims for bad faith and punitive damages are therefore DISMISSED.

## FACTS AND PROCEDURAL HISTORY

The Plaintiffs left their home on July 2, 2005, to attend a family reunion in Phillipi, West Virginia.  In the early morning hours of July 3, 2005, a fire occurred in the home.  When firefighters arrived at the scene of the fire, they made entry through the front door, which was found to be locked and had to be forced open.  The fire department also found that the side entrance was closed and later determined that the knob to that door was locked.  The fire was determined to be incendiary by the Plain Township Fire

Department.  The ignitable liquid used to propagate and accelerate the fire was kerosene.

The Plaintiffs filed an insurance claim for their property loss with Allstate.  It is not disputed that there was a valid insurance contract in place at the time of the fire.  The insurance contract between Plaintiffs and Allstate provides that coverage is not offered for personal property losses if those losses occurred due to "intentional or criminal acts of or at the direction of any insured."  The contract further states that the exclusion applies "regardless of whether or not the insured person is actually charged with or convicted of a crime."

After the claim had been made, Allstate hired S.E.A., Inc. to investigate the fire. During the investigation, Plaintiff Jeffrey Mayle told S.E.A. that he believed the residence was locked when the couple left for their trip.  He also stated that Plaintiffs and their children were the only ones who had keys to the residence.

S.E.A. determined, and reported to Allstate after completion of its investigation, that neither the doors nor windows showed signs of a forced entry.  Additionally, the broken glass found outside the house, which came from the side door was found to have dense smoke accumulation on it, indicative that it had been blown out by the fire rather than being broken into by an intruder.

After completion of its investigation and evaluation of the claim presented by Plaintiffs, Allstate denied payment and liability for the claim by written notice on April 25, 2006.  Plaintiffs filed suit against Allstate for breach of contract, bad faith, and declaratory judgment.

## STANDARD OF REVIEW

Summary Judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).  The moving party must demonstrate to the court, through reference to pleadings and discovery responses, the absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 323.  This is so that summary judgment can be used to dispose of claims and defenses, which are factually unsupported.  *Id.* at 324.  The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried.  *Id.*  The court's inquiry at the summary judgment stage is to determine "whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.  However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson,* 477 U.S. 242, 247-48 (1986) (emphasis in original).  "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'"  *McMillian v. Potter,* 130 Fed.Appx. 793, 796 (6th Cir. May 11, 2005) (quoting *Anderson,* 477 U.S. at 248).

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule

56(e).  *See Celotex,* 477 U.S. at 324.  The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ."  *Id.*  Rule 56(c) states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  However, "only admissible evidence may be considered when ruling on a motion for summary judgment.  *Wiley v. United States,* 20 F.3d 222, 225 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)).  A scintilla of evidence in favor of the nonmoving party is not sufficient.  *Anderson,* 477 U.S. at 252.

As a general matter, a district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."  *Anderson,* 477 U.S. at 248.  The court cannot consider non-material facts, nor can it weigh material evidence to determine credibility or the truth of the matter.  *See id.* at 249.  The court's sole function is to determine whether there is a genuine fact for trial.  *Id.*  This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for [that] party."  *Id.*  In sum, a proper summary judgment analysis asks whether a trial is necessary.  It is additionally noted that a district court may properly grant summary judgment on grounds not raised in the motions, provided no genuine issue of material fact remains.  *Hines v. Joy Mfg. Co.,* 850 F.2d 1146, 1150 (6th Cir. 1988).

4

A federal court sitting in diversity must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Talley v. State Farm Fire & Cas. Co*., 223 F.3d 323, 326 (6th Cir.2000).  In this case, Ohio law governs.  The Supreme Court of Ohio stated that "[I]nsurance contracts must be construed in accordance with the same rules as other written contracts." *Hybud Equip. Corp. v. Sphere Drake Ins. Co*., 64 Ohio St.3d 657, 597 N.E.2d 1096, 1102 (1992), cert. denied, 507 U.S. 987, 113 S.Ct. 1585, 123 L.Ed.2d 152 (1993). The Ohio high court further instructed that "words and phrases used in an insurance policy must be given their natural and commonly accepted meaning ⋯ to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St.2d 166, 436 N.E.2d 1347, 1348 (1982).

## DISCUSSION

Allstate has framed the issue before the Court as, "Whether the undisputed evidence and information available to and considered by Allstate in denying Plaintiffs' insurance claim establishes as a matter of law that Allstate's denial of Plaintiffs' insurance claim was reasonably justified."  (Doc. #20, p. iii)  Allstate argues that it denied Plaintiffs' insurance claim based upon substantial evidence: (1) that reasonably justified an arson; (2) an intentional or criminal act occurred; and/or (3) there were material misrepresentations that were made by the insured.

In order to grant Allstate's Motion for Summary Judgment, this Court must find, after viewing the evidence and all reasonable inferences in a light most favorable to Plaintiffs, that the claim was fairly debatable and the refusal to pay the claim was

premised on either the status of the law at the time of the denial or the facts gave rise to the claim. *Tokles v. Midwestern Indemnity Co.,* 605 N.E.2d 936, 943, overruled in part on other grounds by *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397 (Ohio 1994).  The Ohio Supreme Court stated that "an insurer fails to exercise good faith in processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore."  *Zoppo,* 644 N.E.2d at 400 (internal quotations and citations omitted).  The Court notes, however, that intent is not an element of the reasonable justification standard.  *Id.*

In opposing this Motion, Plaintiffs must produce evidence which tends to show that Allstate had no reasonable justification for refusing the claim, and that Allstate either had actual knowledge of that fact or intentionally failed to determine whether there was any reasonable justification for refusing the claim.  *Id.*

There are three basic elements for an arson defense, as is asserted in Allstate's answer:  (1) a fire of an incendiary origin occurred; (2) the insured had a motive to set the fire; and (3) the insured had an opportunity to cause the fire.  *Caserta v. Allstate Ins. Co.,* 470 N.E.2d 430 (Ohio App. 1983).  This can be shown through circumstantial evidence. *Arms v. State Farm Fire & Cas. Co.,* 731 F.2d 1245 (6th Cir. 1984).

Plaintiffs' main argument is that Allstate has no proof that they had an opportunity to cause the fire because they were out of town at the time of the fire. Plaintiffs also point out that the report from the Stark County Crime Laboratory states that there was a tool mark present on the exterior surface of the face plate of the interior lock assembly which would lead to a reasonable inference that someone broke into the home through the side door.  However, the prevailing issue with a motion for summary

judgment on a bad faith claim is whether or not the insurer had a *reasonable basis* to deny the claim.  The determination of whether Allstate can prevail under their arson defense is not before the Court at this time.  It is also noted that Allstate does not have to demonstrate that Plaintiffs had exclusive opportunity to set the fire.  *See Caserta,* 470 N.E.2d at 431-33.

In this case, Allstate had an investigation done into the fire and its causes.  This investigation determined that the fire was incendiary[1] and that Plaintiffs had a financial motive to set the fire due to the pending foreclosure.[2]  Neither of these facts are in dispute.  Additionally, Allstate determined: (1) that the only keys to the residence were in the sole possession of the Plaintiffs; (2) that Plaintiffs stated that the doors to the residence were locked when they left for their out-of-town trip; (3) S.E.A.'s report indicated that there was no unauthorized or forced entry into the home; (4) the fire department reported that the front door to the residence was locked and had to be broken into in order for them to gain access to the home; (5) the side door was closed, the door knob was locked and there was no evidence of a forced entry to the locking mechanism or door jam; (6) the broken glass outside of the side driveway door had dense smoke accumulation on it indicative of the window being blown out by the fire and not broken

---

[1] The fire investigators concluded that the fire originated in multiple locations within the dwelling.  The ignitable liquid pour patters were found trailing from the living room, into the kitchen and ending at the side kitchen door of the residence.  All the fire debris samples obtained from the residence tested positive for kerosene, including a plastic container found on the kitchen floor.  And all other potential accidental ignition sources were eliminated by investigators.

[2] The residence had been in foreclosure for more than a year before the fire.  Plaintiffs had not made a mortgage payment for over a year and the mortgage was seriously in arrears.  The mortgage with Select Portfolio Services showed a past due amount of $16,724 as of Feb. 5, 2005.  Plaintiff Mary Mayle had lost her job and was on unemployment.  She had also had 40 checks returned or NSF items on her checking account resulting in bank charges of over $1,400.  Plaintiff Jeffrey Mayle's credit report showed three open accounts placed for collection and four accounts past due totaling $37,772.

into by an intruder in an attempt to gain access; and (7) there was no signs of forced entry to the windows or window jams.

The evidence gathered by Allstate in their investigation certainly gives rise to a reasonable determination that the Plaintiffs were responsible for the fire as it was incendiary in nature, Plaintiffs had a financial motive for setting the fire, there were no signs of forced entry and Plaintiffs were the only ones who had keys to the home.  At the very least, the evidence shows that reasonable minds could come to but one conclusion, that Allstate's decision to deny the claim was not arbitrary or capricious but was based upon a reasonable justification.

Additionally, Plaintiffs have failed to produce evidence that Allstate had actual knowledge of a lack of reasonable justification for refusing the claim or that Allstate intentionally failed to determine whether there was any such justification.  Plaintiffs allege that Allstate was aware that there were tool marks to the exterior surface of the face plate of the interior lock assembly which could have been caused by a tree trimmer, which was found inside the home, and thus were aware that someone other than the Plaintiffs could have broken into the home.  However, Victoria Hoenigman's deposition states that it was determined that the damage was done to the face plate which sat towards the interior of the home rather than the exterior.  Plaintiff presents no other evidence that Allstate had actual knowledge of evidence that the home had been broken into.

Although Plaintiffs argue that Allstate failed to follow any leads that an intruder was responsible for the fire, the SEA report indicates that Allstate had a thorough investigation performed which looked for signs of a forced entry but indicated that none were found.  Plaintiffs certainly can submit evidence at trial attacking Allstate's arson

theory, however, this Court must find, viewing the evidence in a light most favorable to the Plaintiffs, that Allstate had, at the very least, a reasonable basis to deny Plaintiffs' claim.

### CONCLUSION

Based on the above, the Court finds that there is no genuine issue of material fact that Allstate had reasonable justification to believe that Plaintiffs had caused the fire which destroyed their personal property.  Additionally, Plaintiffs failed to produce any evidence that Allstate had actual knowledge of a lack of reasonable justification for refusing the claim or that Allstate intentionally failed to determine whether there was any such justification.  Therefore, Allstate's Motion for Summary Judgment on Plaintiffs' claims for bad faith and punitive damages is GRANTED.  These claims are hereby DISMISSED.

So ordered.


_____*s/ Judge John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT